# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 23-1052V

| | |
|---|---|
| MARY DITZIAN,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: December 2, 2025 |

*Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

**RULING ON ENTITLEMENT**[1]

On July 10, 2023, Mary Ditzian ("Petitioner") filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine administered to her on February 4, 2022.[3] Pet. at 1, ECF No. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent opposed compensation of Petitioner's Table claim – solely objecting to onset. Rule 4(c) Report, ECF No. 16. But on March 31, 2025, I subsequently issued

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Petitioner alternatively alleges that her SIRVA was caused-in-fact by the subject vaccination. *See* Pet.

Findings of Fact and Conclusions of Law determining that Petitioner had established Table onset based on the existing record. *See* ECF No. 20; *see also* 42 C.F.R. § 100.3(c)(10)(ii). I ordered the parties to attempt an informal resolution of this claim, and in providing an update on those discussions, to report if at any time Respondent wished to file an amended Rule 4(c) Report. *Id.* at 7-8.

Though the parties made an effort to settle this case thereafter, they were ultimately unsuccessful. ECF Nos. 21, 23-27. Respondent has not since filed an amended Rule 4(c) Report, but has confirmed that he "is not objecting to entitlement on any other grounds" than Table onset.[4] Informal Comm., docketed Dec. 2, 2025. The parties thus requested I make a formal ruling on entitlement and order briefings regarding damages. *See id.*

## I. Legal Standards and Analysis

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Section 14(a). Pursuant to the Vaccine Injury Table, a SIRVA is compensable if it manifests within 48 hours of the administration of a covered vaccine. 42 C.F.R. § 100.3(a)(VII)(C). The criteria establishing a SIRVA under the accompanying Qualifications and Aids to Interpretation ("QAI") are as follows:

> Shoulder injury related to vaccine administration (SIRVA). SIRVA manifests as shoulder pain and limited range of motion occurring after the administration of a vaccine intended for intramuscular administration in the upper arm. These symptoms are thought to occur as a result of unintended injection of vaccine antigen or trauma from the needle into and around the underlying bursa of the shoulder resulting in an inflammatory reaction. SIRVA is caused by an injury to the musculoskeletal structures of the shoulder (e.g. tendons, ligaments, bursae, etc.). SIRVA is not a neurological injury and abnormalities on neurological examination or nerve conduction studies (NCS) and/or electromyographic (EMG) studies would not support SIRVA as a diagnosis (even if the condition causing the neurological abnormality is not known). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

---

[4] The communications herein are quoted directly from the aforementioned email informal communication from Respondent's counsel.

>  (i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
>
>  (ii) Pain occurs within the specified time frame;
>
>  (iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and
>
>  (iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10) (2017).

I have already found in Petitioner's favor on onset, and her success in meeting the remaining QAI requirements is not disputed. *See,* e.g., Rule 4(c) Report at 5-8; Informal Comm., docketed Dec. 2, 2025. Respondent has stated no other objections to compensation, and I find that those requirements have been preponderantly satisfied. The record does not suggest that Petitioner had a history of shoulder pain or any other condition that would explain her post-vaccination symptoms. *See* 42 C.F.R. § 100.3(c)(10)(i), (iv) (first and fourth QAI criteria). She exhibited reduced ROM, and her pain and ROM limitations were limited to the vaccinated shoulder. *See*, e.g., Ex. 3 at 74-75; Ex. 4 at 14-16; Ex. 6 at 9-10; *see also* 42 C.F.R. § 100.3(c)(10)(iii) (third QAI criterion).

The statutory requirements applicable to all claims, Table or causation-in-fact, are also preponderantly established. Petitioner received a covered Tdap vaccine in the United States. *See* Ex. 2 at 1; *see also* Section 11(c)(1)(A) (requiring receipt of a covered vaccine); Section 11(c)(1)(B)(i) (requiring administration within the United States or its territories). She experienced residual effects of her alleged injury for more than six months. *See*, e.g., Ex. 3 at 37-43, 69, 74; Ex. 9 at 10-12; *see also* Section 11(c)(1)(D)(i) (the Vaccine Act's six-month severity requirement). And she states that she has never received an award or settlement of a civil action for the injury, nor has she filed a civil action. *See* Pet. ¶¶ 83-84; *see also* Section 11(c)(1)(E) (lack of prior civil award). Thus, Petitioner has satisfied all requirements for entitlement under the Vaccine Act.

## Conclusion

**Based on the entire record in this case, I find that Petitioner has provided preponderant evidence satisfying all requirements for a Table SIRVA and all other Vaccine Act requirements are met. Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

4